IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-0173 |
| AEROWIND CORPORATION and WILLIAM L. KOUSENS, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This suit to recover an unpaid debt under a promissory note, and to enforce obligations under a security agreement and guaranty. The case is before the Court on the Motion to Dismiss or Transfer Venue [Doc. # 9] filed by Defendants Aerowind Corporation ("Aerowind") and William L. Kousens. Plaintiff Financial Federal Credit Inc. ("Financial") filed a Response [Doc. # 13]. Defendants neither filed a Reply nor requested an extension of time to do so. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion to Dismiss or Transfer Venue.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff provides financing, including financing to Aerowind for the purchase of equipment. In October 2000, Aerowind signed and delivered to Financial a Promissory

Note in the original amount of $1,275,910.45, payable in sixty (60) monthly installments. The Promissory Note was secured by a Security Agreement. Kousens had previously executed a continuing Guaranty of Aerowind's indebtedness and obligations to Financial.

In January 2004, the parties entered into an Extension and a Renewal Note for the remaining unpaid indebtedness of $768,858.00. In February 2005, the parties entered into a Second Extension and a Second Renewal Note for the remaining unpaid indebtedness, then $778,920.54.

Financial alleges that Aerowind is in default under the Promissory Note as extended and that Kousens has failed to make payments as promised under the Guaranty. Financial filed this lawsuit against Aerowind and Kousens seeking payment of the unpaid balance due under the Promissory Note, interest, attorneys' fees, and costs.

Defendants filed a Motion to Dismiss or Transfer Venue. Defendants argue that the case should be dismissed pursuant to 28 U.S.C. § 1406(a) because venue is improper in the Southern District of Texas. Alternatively, Defendants argue that even if venue here is proper, the case should be transferred to the United States District Court for the Southern District of California for the convenience of the parties and

witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). The motion has been briefed and is ripe for decision.

## II.   MOTION TO DISMISS FOR IMPROPER VENUE

The district court may dismiss a lawsuit if it is filed in a district where venue is improper. *See* 28 U.S.C. § 1406(a). Parties to a contract may, in their contract, select a forum in which to litigate their disputes. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) ("choice of forum provision validly contracts for venue" in chosen district).

In this case, Aerowind in the Security Agreement and Kousens in the Guaranty each agreed to venue in the Southern District of Texas.[1] Based on the parties' express choice of this district as a proper venue for the resolution of this dispute, the Court denies Defendants' Motion to Dismiss for improper venue.

## III.   MOTION TO TRANSFER VENUE

Defendants alternatively move to transfer this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

---

[1]   In the Security Agreement and the Guaranty, Defendants agree to venue in any court sitting in Harris County, Texas. The United States District Court for the Southern District of Texas, Houston Division, sits in Harris County, Texas.

action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a); *Goodman Co., L.P. v. A&H Supply, Inc.*, 396 F. Supp. 2d 766, 775 (S.D. Tex. 2005). The party moving for a change of venue has the burden of demonstrating that the case should be transferred. *See id.* Whether a case should be transferred under § 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen, AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). These factors include:

- plaintiff's choice of forum;
- the availability and convenience of witnesses and parties,
- the location of books and records,
- the cost of obtaining attendance of witnesses and other trial expenses,
- the place of the alleged wrong, and
- the possibility of delay and prejudice if transfer is granted.

*See In re Horseshoe Enter.*, 337 F.3d 429, 433-35 (5th Cir. 2003).

In this case, each of the relevant factors weighs in favor of Plaintiff's chosen forum or is evenly balanced between Plaintiff's choice and Defendants' choice. Plaintiff's witnesses and evidence are located in Texas; Defendants' witnesses and evidence are in California. Defendants signed the contracts in California; Plaintiff sent invoices from Houston, Texas, for payment to Financial's lockbox account in the same

city. "A case should not be transferred if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co*, 396 F. Supp. 2d at 776 (internal quotations and citation omitted). There will be no increased delay or similar prejudice if the case remains in Texas. Moreover, the parties' contractual agreement to venue in the Southern District of Texas, while not dispositive, is "a significant factor that figures centrally in the district court's calculus." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Because the relevant factors either weigh in favor of the Southern District of Texas as the more convenient forum or are evenly balanced between the Southern District of Texas and the Southern District of California, Defendants have failed to show that the convenience of the parties and witnesses favors transfer to California. As a result, the Court denies the Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

## IV.    CONCLUSION AND ORDER

Venue is proper in this district pursuant to the parties' contractual agreements. Defendants have not shown that the convenience of the parties and witnesses, and the interest of justice, favor transfer to California. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss or Transfer Venue [Doc. # 9] is **DENIED**. The case remains scheduled for an initial pretrial and scheduling conference at **1:30 p.m. on June 29, 2007**.

SIGNED at Houston, Texas, this **12th** day of **June, 2007**.

Nancy F. Atlas
United States District Judge